Case 2:24-cv-00029   Document 23   Filed on 07/17/24 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
July 17, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| PHH MORTGAGE CORPORATION, § | |
| § | |
| Plaintiff, § | Civil Action No. 2:24-cv-29 |
| § | |
| v. § | |
| § | |
| MARIA CONCEPION DYE, KELLY DYE, § | |
| and JORGE TORRES § | |
| § | |
| Defendants. § | |

## AGREED JUDGMENT AS TO DEFENDANT KELLY DYE

Came on to be considered the above-numbered and styled cause wherein PHH Mortgage Corporation ("Plaintiff") and Kelly Dye ("Defendant"), and collectively with Plaintiff (the "Parties"), have announced to the Court that they desire to resolve all matters in controversy between them. In light of the agreement of the Parties as expressed in this Agreed Judgment and as shown by their signatures below, the Court finds that:

1. Plaintiff is the current owner and holder of the *Texas Home Equity Note (Fixed Rate-First Lien)* dated March 9, 2011 ("Note") in the principal amount of $176,250.00 executed by Homer Leroy Dye and Penny K. Dye ("Borrowers"). Plaintiff is the current beneficiary of the *Texas Home Equity Security Instrument (First Lien)* ("Security Instrument" and together with the Note, "Loan Agreement") executed by Borrowers and recorded in the Real Property Records for Nueces County, Texas, on March 14, 2011, as Document No 2011009046 which provided Plaintiff with a security interest on that certain real property commonly known as 339 Princess Drive, Corpus Christi, Texas 78410, and more particularly described as follows:

LOT SIX-C (6-C), ROLLING ACRES SUBDIVISION, AN ADDITION TO THE CITY OF CORUS CHRISTI, NUECES COUNTY, TEXAS, ACCORDING TO MAP OR PLAT THEREOF RECORDED IN VOLUME 35, PAGE 129, MAP RECORDS OF NUECES COUNTY, TEXAS. (The "Property")

2. The Security Instrument secures payment of the Loan Agreement with the Property.

3. Defendant Kelly Dye is the daughter of Homer Leroy Dye and Penny K. Dye. Defendant stipulates that she disclaims her interest, if any, in the Property at issue in this lawsuit and will not claim any interest in the Property at any future time, except as provided herein. Additionally, she understands that the Court may rely upon the contents of this Agreed Order in the adjudication of this matter.

4. The Parties agree that Defendant may claim excess proceeds after foreclosure of her interest in the future, if any excess proceeds are available.

5. There is a default in payment or performance under the Note and Security Instrument that secures the payment of Plaintiff's lien.

6. Plaintiff is entitled to enforce the terms of the Loan Agreement against the Property. It is therefore,

**ORDERED, ADJUDGED AND DECREED** that Defendant has no interest in the Property and is barred from claiming any interest in the Property in the future. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff, its successors and assigns, may enforce its lien on the Property by proceeding with non-judicial foreclosure of Defendant's interest in the Property, as provided in the Security Instrument and TEX. PROP. CODE § 51.002. It is further,

**ORDERED, ADJUDGED AND DECREED** that the following are secured by the Security Instrument on the Property: the outstanding balance of the Note, including attorneys' fees;

pre-judgment interest; post-judgment interest at the Note interest rate of 5.750%; and costs of court. It is further,

**ORDERED, ADJUDGED AND DECREED** that the successful bidder at the foreclosure sale shall be vested with title to the Property. It is further,

**ORDERED, ADJUDGED AND DECREED** that Defendant may claim excess proceeds if any are available after the foreclosure sale. It is further,

**ORDERED, ADJUDGED AND DECREED** that except as otherwise noted, Defendant and Plaintiff are each to bear their respective costs and attorney's fees, if any. It is further,

**ORDERED, ADJUDGED AND DECREED** that all costs incurred with respect to Plaintiff's claims against Defendant are taxed against the party incurring same. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff may charge attorneys' fees and costs, which may be added to the balance of the Note and enforceable only against the Property, not as a personal judgment against Defendant. It is further,

**ORDERED, ADJUDGED AND DECREED** that this Agreed Partial Judgment only resolves claims between Plaintiff and Kelly Dye. Plaintiff's claims against Defendants Maria Concepion Dye and Jorge Torres remain pending before the Court.

Signed this __17th__ day of ____July____ 2024.

**UNITED STATES DISTRICT JUDGE**

**Agreed as to form and substance:**

By: */s/ John M. Gregory*
     **JOHN M. GREGORY**
     Texas Bar No. 24138787
     Southern District Admission #3869561
     jgregory@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
(214) 635-2650
(214) 635-2686 (Fax)
*Attorneys for Plaintiff*

*And*

By: */s/ Kelly Dye*
     **KELLY DYE**
     150 50TH Avenue, Apt. 904
     Long Island City, NY 11101
     kellykdye@gmail.com
     *Defendant*