UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PHH MORTGAGE CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00029 |
| | § | |
| MARIA CONCEPION DYE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND RECOMMENDATION**

The United States District Judge has referred this case to the undersigned for pretrial management, including decisions for non-dispositive matters and findings and recommendations as to dispositive matters. Before the Court is Plaintiff PHH Mortgage Corporation's ("PHH") Motion for Default Judgment Against Defendant Jorge Torres ("Torres") filed August 9, 2024. (D.E. 27). Torres has not responded to the motion or otherwise appeared in this action. Having considered the relevant pleadings and applicable law, the undersigned recommends that the District Judge **GRANT** PHH's Motion for Default Judgment (D.E. 27) regarding Defendant Torres.

### I. BACKGROUND

#### a. *Factual Background*

On January 26, 2024, Plaintiff PHH filed this action against Defendants Maria Concepcion Dye, Kelly Dye, and later added Torres in an Amended Complaint, seeking a declaratory judgment to establish a statutory probate lien and to foreclosure on real

property located at 339 Princess Drive, Corpus Christi, Texas 78410 ("the Property"). (D.E. 1; D.E. 13, pgs. 2-3). The Property is more particularly described as follows:

> LOT SIX-C (6-C), ROLLING ACRES SUBDIVISION, AN ADDITION TO THE CITY OF CORpUS CHRISTI, NUECES COUNTY, TEXAS, ACCORDING TO MAP OR PLAT THEREOF RECORDED IN VOLUME 35, PAGE 129, MAP RECORDS OF NUECES COUNTY, TEXAS.

*Id*. at 2. According to the Complaint, Decedents Homer Leroy Dye and Penny K. Dye ("Decedents and Borrowers") executed a Texas Home Equity Fixed Rate Note ("Note") on March 9, 2011, in favor of First Choice Bank ("First Choice") in the principal amount of $176,250.00 and bearing interest at the rate of 5.750% per annum. *Id*. at 4; (Compl. Ex. A, D.E. 13-1). Homer and Penny Dye contemporaneously executed a Texas Home Equity Security Instrument ("Security Instrument") that granted a security interest in the property to First Choice, its successors and assigns, to ensure repayment under the note. *Id*.; (Compl. Ex. B, D.E. 13-1).

Under the terms of the Note and Security Instrument (collectively, "the Loan Agreement"), Homer and Penny Dye agreed to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note. (Compl. Ex. A, D.E. 13-1). The Loan Agreement provides that should Homer and Penny Dye fail to make payments on the Note as they become due, or fail to comply with any or all of the covenants of the Security Instrument, the lender may enforce the Security Instrument by selling the property according to law and the provisions set out in the Loan Agreement. (Compl. Exs. A, B, D.E. 13-1). On March 1, 2013, Homer Dye and Defendant Torres executed a Residential Contract for Deed ("the Contract") for the sale of the

Property, which was later recorded in the Nueces County Official Public Records. (D.E. 13, pg. 4, Compl. Ex. C, D.E. 13-1). The Security Instrument names Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary for First Choice. (D.E. 13, pgs. 4-5, Compl. Ex. D, D.E. 13-1). Later, MERS transferred and assigned the Loan to Ocwen Loan Servicing, LLC ("Ocwen"). *Id*. Plaintiff PHH is the successor by merger to Ocwen as of June 1, 2019. (D.E. 13, pg. 5, Compl. Ex. E, D.E. 13-1). Plaintiff PHH is the current holder and owner of the Note and the Security Instrument. *Id*.

Penny Dye passed away on March 21, 2012. (D.E. 13, pg. 1). Homer Leroy Dye passed away on October 4, 2021. (D.E. 13, pg. 1,5). According to PHH, no probate was opened for Penny or Homer Dye's estates. (D.E. 13, pg. 1, 5). Homer Dye's heirs thus acquired any interest in the Property upon Homer Dye's death under Texas Estates Code §§ 101.001(b) and 101.051. (D.E. 13, pg. 5). PHH asserts payment has not been made in accordance with the Loan Agreement, and the agreement has been in default since October 1, 2021. (D.E. 13, pg. 6, Compl. Ex. F, D.E. 13-1). On November 18, 2021, PHH sent a Notice of Default to Borrowers in accordance with the Loan Agreement and the Texas Property Code advising that they needed to pay $2,995.30 by December 23, 2021, to cure the default. *Id*. On July 3, 2023, PHH sent a Notice of Acceleration of Loan Maturity (the "Notice of Acceleration") to the Borrowers, explaining that the maturity date of the Note had been accelerated because of the failure to cure the default. (D.E. 13, pg. 6, Compl. Ex. G, D.E. 13-1). PHH now seeks a declaratory judgment to establish a statutory probate lien and to foreclose on the Property.

### *b.   Procedural Background*

On May 3, 2024, Defendant Torres was served with process. (D.E. 17). Defendant Torres did not answer or file a responsive pleading within twenty-one days of service. Fed. R. Civ. P. 12(a)(1)(A)(i). Thus, on July 24, 2024, PHH asked the Clerk of Court to enter default against Defendant Torres. (D.E. 25). The Clerk of Court made entry of default as to Defendant Torres on July 24, 2024. (D.E. 26).

## II.   DISCUSSION

### *a.   Legal Standard*

Rule 55 of the Federal Rules of Civil Procedure provides that the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise...." Fed. R. Civ. P. 55(a). Once the clerk has entered default, "a plaintiff may apply to the district court for a judgment based on such default." *Ocwen Loan Servicing, LLC v. Kingman Holdings, LLC*, No. 3:18-cv-1197-S, 2018 WL 7150247, at *2 (N.D. Tex. Dec. 14, 2018), R. & R. adopted by 2019 WL 399900 (N.D. Tex. Jan. 31, 2019). Initially, a plaintiff must establish that: (1) the defendant has been served with summons and the clerk has entered default against the defendant; (2) the defendant is neither a minor nor an incompetent; (3) the defendant is not in military service or otherwise subject to the Servicemembers Civil Relief Act; and (4) the defendant was provided with notice of the motion for default judgment. *See* 50 U.S.C. § 3931; Fed. R. Civ. P. 55; *Kingman Holdings*, 2018 WL 7150247, at *2. In considering whether to enter default judgment, a court should first

consider whether such entry is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Factors relevant to this inquiry include: (1) whether material issues of fact exist; (2) "whether there has been substantial prejudice"; (3) whether the plaintiff clearly established the grounds for default; (4) whether the defendant's default was caused by good faith mistake or excusable neglect; (5) "the harshness of a default judgment"; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Id.* The court retains discretion whether to enter default judgment against a defendant. *Id.*

After the court has determined that the plaintiff has met the procedural requirements for default judgment, it must next "assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment." *Bokf, N.A. v. Logan*, CIVIL ACTION No. 3:19-CV-2910-B, 2020 WL 1470803, at *2 (N.D. Tex. Mar. 26, 2020) (citing *Nishimatsu Constr. Co., Ltd. v. Hons. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co.*, 515 F.2d at 1206). Stated differently, when a defendant defaults, the plaintiff's well-pleaded allegations of fact concerning liability are deemed admitted. *Kingman Holdings*, 2018 WL 7150247, at *3 (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 521, 524–25 (5th Cir. 2002)). But "the default alone does not warrant entry of

default judgment, as the Court must determine whether the well-pleaded facts state a claim upon which relief may be granted." *Id*.

Rule 8 of the Federal Rules of Civil Procedure further informs this analysis. "Rule 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Wooten*, 788 F.3d at 498 (internal quotation marks omitted). "The factual allegations in the complaint need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal quotation marks omitted). Although a plaintiff need not plead "detailed factual allegations," it "must present 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

    b.   *Analysis*

        **1.   PHH has satisfied the procedural requirements for obtaining default judgment against Torres.**

The record before the Court demonstrates PHH has satisfied the procedural requirements of Rule 55. Defendant Torres was served according to law but has failed to answer or otherwise respond within the time permitted, and the Clerk of Court has entered default against them. (D.E.s 17 & 26). Per the requirements of Title 50 U.S.C. § 3931, PHH has also established that Defendant Torres is not currently engaged in military service. (D.E. 27-1). PHH has certified that copies of the Motion for Default Judgment have been sent to Defendant Torres. (D.E. 27, pg. 6).

In addition, all the *Lindsey* factors favor granting default judgment. Defendant Torres has filed no responsive pleading; therefore, there are no material facts in dispute. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 (explaining that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"). Second, Defendant Torres' failure to answer or otherwise "respond has brought the adversary process to a halt, effectively prejudicing [PHH's] interests." *United States v. Fincanon*, No. 7:08–CV–61–O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (citing *Lindsey*, 161 F.3d at 893). Third, Defendant Torres' default has been clearly established through his failure to respond and the Clerk's entry of default. *Logan*, 2020 WL 1470803, at *3 (citing *Lindsey*, 161 F.3d at 893). With respect to the fourth and fifth *Lindsey* factors, Defendant Torres has not filed an answer despite being served with the Complaint more than six months ago, and there is no evidence to suggest that his failure to respond is a result of a good faith mistake. "[T]he failure to respond mitigates the harshness of a default judgment." *Id.* (internal quotation marks and alterations omitted). Finally, the record contains no facts supporting a good cause reason to set aside the default was Defendant Torres to challenge it. Because PHH has satisfied all the procedural requirements for default judgment, the Court considers whether PHH's pleadings state a claim for relief.

### 2. PHH's pleadings present a sufficient basis for entry of judgment against Defendant Torres

PHH asks the Court to enter default judgment against Defendant Torres on liability and damages. (D.E. 27). Concerning damages, PHH does not seek a monetary award from Defendant Torres; instead, it pursues a declaratory judgment establishing that it has a

7

statutory probate lien against the property and that it is the owner and holder of the Note, beneficiary of the Security Instrument, and mortgagee as defined under Texas Property Code section 51.0001(4). *Id*. at 5. PHH also seeks entry of a judgment permitting foreclosure through a power of sale. *Id*. at 6.

PHH asserts that it has a statutory probate lien against the Property under the Loan Agreement and Texas Estates Code §§ 101.001(b) and 101.051, which provide that a decedent's estate and its debts immediately pass to the decedent's heirs. *Id*. at 4; (Compl. Ex. B, 13-1); *see* Tex. Est. Code Ann. §§ 101.001(b), 101.051; *Ocwen Loan Servicing, LLC v. Deane*, Civil Action No. 4:15-cv-00682-O-BP, 2017 WL 6816499, at *3 (N.D. Tex. Dec. 1, 2017), R. & R. adopted by 2018 WL 309105 (N.D. Tex. Jan. 5, 2018). "The remedy of one holding an unpaid claim against the estate is to enforce a statutory lien against the property in the hands of the heirs, devisees, or legatees who receive estate property." *Deane*, 2017 WL 6816499, at *3 (citing *Potts v. W.Q. Richards Mem'l Hosp.*, 558 S.W.2d 939, 943 (Tex. Civ. App.—Amarillo 1977, no writ)). PHH asserts that Defendant Torres failed to abide by the terms of the Contract and Loan Agreement. (D.E. 27, pg. 4). Thus, the District Judge should grant PHH's request for a declaration of its statutory probate lien.

A security instrument is a "deed of trust, mortgage, or other contract lien on an interest in real property." Tex. Prop. Code § 51.0001(6). A mortgagee includes the "grantee, beneficiary, owner, or holder of a security instrument ... or if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id*. at § 51.0001(4); *Logan*, 2020 WL 1470803, at *4. PHH has shown that

MERS transferred the Loan Agreement to Ocwen under an Assignment of Deed of Trust, filed in the public records of Nueces County, Texas. (D.E. 13, pg. 4, Compl. Ex. C, 13-1). PHH has shown that it is the successor by merger to Ocwen. (D.E. 13, pg. 4, Compl. Ex. D, 13-1). Thus, the District Judge should grant PHH's request for a declaration that it is the owner and holder of the Note, beneficiary of the Security Instrument, and mortgagee as defined under Texas Property Code § 51.0001.

In addition, PHH, the mortgagee, seeks to enforce its statutory probate lien through foreclosure or public auction under Texas Property Code § 51.002. (D.E.s 13 & 27). "Section 51.002 of the Texas Property Code provides for the sale of real property pursuant to a security instrument with a power of sale." *Deane*, 2017 WL 6816499, at *3. To foreclose through a power of sale, the lender must show that: "(1) a debt exists; (2) the debt is secured by a lien created under art. XVI, § 50(a)(6) of the Texas Constitution; (3) the defendant is in default under the note and security instrument; and (4) the defendant received notice of default and acceleration." *Id*. (citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), aff'd, 583 F. App'x 306 (5th Cir. 2014)).

Here, PHH has supported all four elements with well-pleaded allegations. PHH has provided a copy of the executed Note, demonstrating that a debt exists. (D.E. 13, Compl. Ex. A, 13-1). Moreover, by providing a copy of the Security Instrument (D.E. 13, Compl. Ex. B, 13-1), PHH has shown that the debt is secured by a lien on the Property in accordance with Article 16, Section 50(a)(6) of the Texas Constitution. In addition, PHH has demonstrated that Defendants are in default on the Loan Agreement. Specifically, PHH

9

has provided evidence of Homer and Penny Dye's default, as reflected by the October 1, 2021, Notice of Default, which states that the total balance due as of the date of the notice was $2,995.30. (D.E. 13, Compl. Ex. E, 13-1). Because Homer Dye allegedly died intestate and no probate administration occurred, Defendants acquired his interest—and his debt—in the Property under Texas law. (D.E. 13, pg. 5); *see also* Tex. Est. Code Ann. §§ 101.001(b), 101.051(b)(1). Thus, PHH has established that Defendants are in default. Finally, PHH has shown that it complied with the notice requirements contained within the Loan Agreement and the Texas Property Code when it sent written notices of default on October 1, 2021, and of acceleration on July 2, 2023, to Homer and Penny Dye's addresses of record.   (D.E. 13, Compl. Exs. F&G, 13-1).

     Thus, PHH has shown that: a debt exists; the debt is secured by a lien; Defendants are in default under the Loan Agreement; and it properly provided notice of the default and acceleration on the debt. Defendants' defaults serve as admissions of PHH's allegations. *Nishimatsu Constr. Co.,* 515 F.2d at 1206. As discussed above, based on the uncontested record, PHH's Complaint establishes that Defendants, as heirs-at-law of Homer Dye, received an interest in the Property upon his death, and payments have not been made by any of the Defendants under the Loan Agreement since before October 1, 2021. (D.E. 13, pg. 6). The Court therefore finds that PHH's allegations warrant a declaratory judgment that, in accordance with its statutory probate lien, PHH may foreclose upon Defendant Torres' interest in the Property at issue.

PHH also seeks judgment awarding it "attorneys' fees and costs of suit." (D.E. 27, pg. 5). In support of its request for attorney's fees, PHH references the Note and Texas Civil Practice and Remedies Code Section 38.001. *Id*. The Note provides:

> If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law, including Section 50(a)(6), Article XVI of the Texas Constitution. Those expenses include, for example, reasonable attorneys' fees.

(D.E., Compl. Ex A, 13-1). Texas law permits recovery of reasonable attorney's fees in claims concerning contracts. Tex. Civ. Prac. & Rem. Code § 38.001(8). The undersigned notes, however, that PHH has not provided any supporting evidence enabling the Court to determine what amount of attorney's fees would be reasonable in this case; instead, PHH requests that "the award of attorney's fees be made not as a money judgment against Defendants, but as a further obligation owed…under the subject Note and Deed of Trust." (D.E. 27, pg. 5). Because the Court does not have before it any documentation supporting an award for attorney's fees, the undersigned recommends that the Court consider the issue of attorney's fees post-judgment pursuant to Federal Rule of Civil Procedure 54(d)(2). *See U.S. Bank Nat'l Ass'n for Residential Asset Sec. Corp., Home Equity Mortg. Asset-Backed Pass-Through Certificates, Series 2007-KS2 v. McCormick*, No. 3:17-CV-1704-L, 2018 WL 1210555, at *3 (N.D. Tex. Mar. 8, 2018) (providing for post-judgment consideration of attorney's fees as authorized by Rule 54(d)(2)).

## III. RECOMMENDATION

For these reasons, the undersigned recommends that the United States District Judge **GRANT** PHH's Motion for Default Judgment Against Defendant Torres (D.E. 27) and enter a default judgment granting PHH's requested relief.

Respectfully submitted on January 27, 2025.

_____
Julie K. Hampton
United States Magistrate Judge

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).