United States District Court
Southern District of Texas
**ENTERED**
October 01, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PHH MORTGAGE CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00029 |
| | § | |
| MARIA CONCEPION DYE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

The United States District Judge has referred this case to the undersigned for pretrial management, including decisions for non-dispositive matters and findings and recommendations as to dispositive matters. Currently pending is Plaintiff PHH Mortgage Corporation's ("PHH") Motion for Summary Judgment, to which Defendant Maria Concepion Dye has not responded. (D.E. 55). Having considered the relevant pleadings and applicable law, the undersigned recommends that the District Judge **GRANT** PHH's Motion for Summary Judgment.

### I.    BACKGROUND

PHH filed this action against Defendants Maria Concepion Dye, Kelly Dye, and Jorge Torres, seeking a declaratory judgment to establish a statutory probate lien and to foreclose on real property located at 339 Princess Drive, Corpus Christi, Texas 78410 ("the Property"). (D.E. 1; D.E. 13 at 2-3). The Property is more particularly described as:

LOT SIX-C (6-C), ROLLING ACRES SUBDIVISION, AN ADDITION TO THE CITY OF CORPUS CHRISTI, NUECES COUNTY, TEXAS,

ACCORDING TO MAP OR PLAT THEREOF RECORDED IN VOLUME
35, PAGE 129, MAP RECORDS OF NUECES COUNTY, TEXAS.

(D.E. 1-1 at 9). Decedents Homer Leroy Dye and Penny K. Dye ("Decedents and

Borrowers") executed a Texas Home Equity Fixed Rate Note ("Note") on March 9, 2011,

in favor of First Choice Bank ("First Choice") in the principal amount of $176,250.00 and

bearing interest at the rate of 5.750% per annum. (D.E. 13 at 4; D.E. 55-1 at 8-11). Homer

and Penny Dye contemporaneously executed a Texas Home Equity Security Instrument

("Security Instrument") that granted a security interest in the property to First Choice, its

successors and assigns, to ensure repayment under the note. (D.E. 13 at 4; D.E. 55-1 at 13-

38). Under the terms of the Note and Security Instrument (collectively, "the Loan

Agreement"), Homer and Penny Dye agreed to pay when due the principal and interest on

the debt evidenced by the Note, as well as any applicable charges and fees due under the

Note. (*Id.*). The Loan Agreement provides that should Homer and Penny Dye fail to make

payments on the Note as they become due, or fail to comply with any or all of the covenants

of the Security Instrument, the lender may enforce the Security Instrument by selling the

property according to law and the provisions set out in the Loan Agreement. (*Id.*).

On March 1, 2013, Homer Dye and Defendant Jorge Torres executed a Residential

Contract for Deed ("the Contract") for the sale of the Property, which was later recorded

in the Nueces County Official Public Records. (D.E. 55-1 at 40-47). The Security

Instrument names Mortgage Electronic Registration Systems, Inc. ("MERS") as the

beneficiary for First Choice. (*Id.* at 49-50). Later, MERS transferred and assigned the

Loan to Ocwen Loan Servicing, LLC ("Ocwen"). (*Id.* at 4). PHH is the successor by

merger to Ocwen as of June 1, 2019.  (*Id.* at 52-54).  PHH is the current holder and owner of the Note and the Security Instrument.  (*Id.* at 4).

Penny Dye passed away on March 21, 2012.  (D.E. 13 at 1; D.E. 55 at 4).  Homer Leroy Dye passed away on October 4, 2021.  (D.E. 13 at 1, 5; D.E. 55 at 4).  According to PHH, no probate was opened for Penny or Homer Dye's estates.  (*Id.*).  Homer Dye's heirs thus acquired any interest in the Property upon Homer Dye's death under Texas Estates Code §§ 101.001(b) and 101.051.  (D.E. 13 at 5; D.E. 55 at 4).  PHH asserts payment has not been made in accordance with the Loan Agreement, and the agreement has been in default since October 1, 2021.  (D.E. 55-1 at 56-65).  On November 18, 2021, PHH sent a Notice of Default to Borrowers in accordance with the Loan Agreement and the Texas Property Code advising that they would need to pay $2,995.30 by December 23, 2021, to cure the default.  (*Id.*).  On July 3, 2023, PHH sent a Notice of Acceleration of Loan Maturity (the "Notice of Acceleration") to the Borrowers, explaining that the maturity date of the Note had been accelerated because of the failure to cure the default.  (*Id.* at 67-74).  No payments have been made on the loan following the Notice of Acceleration.  (*Id.* at 76-82).  As of February 28, 2025, the payoff amount is $208,769.58.  (*Id.* at 5).

On May 3, 2024, Defendant Torres was served with process.  (D.E. 17).  Defendant Torres did not answer or file a responsive pleading within twenty-one days of service.  Fed. R. Civ. P. 12(a)(1)(A)(i).  Thus, on July 24, 2024, PHH asked the Clerk of Court to enter default against Defendant Torres.  (D.E. 25).  The Clerk of Court made entry of default as to Defendant Torres on July 24, 2024.  (D.E. 26).  On February 13, 2025, the District Court

3

granted a default judgment against Defendant Torres and allowed Plaintiff to foreclose upon his interest in the property. The last remaining interest in the subject property is the interest of Defendant Maria Dye.

PHH now seeks summary judgment for authority to proceed with foreclosure on the Property. (D.E. 55). Defendant Maria Dye has not filed a response to Plaintiff's Motion for Summary Judgment.

## II. DISCUSSION

### a. Summary Judgment Standard

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The parties may satisfy their respective burdens by

4

tendering depositions, affidavits, and other competent evidence. *Estate of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004).

The court will view the summary judgment evidence in the light most favorable to the non-movant. *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 221 (5th Cir. 2011). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Id.*; *US Bank Nat'l Ass'n as Tr. for Truman 2016 SC6 Title Tr. v. Blizzard*, 2019 WL 13098397, at *2 (W.D. Tex. Nov. 22, 2019).

If the movant carries that initial burden, the burden shifts to the party opposing the motion to present competent summary judgment evidence showing the existence of a genuine fact dispute. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c). Summary judgment cannot be granted solely because the non-moving party failed to respond to the motion for summary judgment. *John v. Louisiana*, 757 F.2d 698, 709 (5th Cir. 1985). If the movant carries its initial burden and the nonmovant does not respond to the motion for summary judgment, the court may accept as undisputed the facts listed in support of the motion for summary judgment and may grant the motion if those facts make "a prima facie showing of ... entitlement to judgment." *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *Wells Fargo Bank, Nat'l Ass'n Tr. for Park Place Sec., Inc.,*

*Asset-Backed Pass-Through Certificates, Series 2005-WLL1 v. Hurtado*, 2020 WL 1644048, at *2 (W.D. Tex. Apr. 1, 2020).

PHH seeks summary judgment on its request for declaratory relief regarding its right to foreclose on the property. Because PHH bears the burden of proof on this request for declaratory relief, it "must establish beyond peradventure all of the essential elements of the claim" to obtain judgment in its favor. *Fontenot v. Upjohn Co.*, 780 F,2d 1190, 1194 (5th Cir. 1986). This standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins.*, Co., No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007); *Hurtado*, 2020 WL 1644048, at *2.

> b.    *PHH's Motion for Summary Judgment*

PHH seeks declaratory relief stating: it is the owner, holder, and mortgagee of the note and security instrument regarding the property; it has a statutory probate lien on the property superior to the interests in the property held by Defendant Maria Dye; and it has the right to foreclose on the property. (D.E.s 1, 55). PHH contends it is entitled to summary judgment under Chapter 51 of the Texas Property Code. (D.E. 55).

In Texas, to foreclose under a security instrument with a power of sale, the lender must demonstrate: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16 § 50(a)(6) of the Texas Constitution; (3) defendants are in default under the note and security instrument; and (4) defendants received notice of default and acceleration. *Huston v. U.S. Bank Nat'l Ass'n*, 988 F.Supp.2d 732, 740 (S.D. Tex. 2013).

PHH asserts it has a statutory probate lien under the Texas Estates Code which provides it with a superior lien to the Defendants' interest in the property. (D.E.s 1, 55). Under the Texas Estates Code §§ 101.001(b) and 101.051(b)(1), the "decedent's estate and its debts immediately pass to the decedent's heirs at law." *Ocwen Loan Servicing, LLC v. Deane*, 2017 WL 6816499, at *3 (N.D. Tex. Dec 1, 2017). "The remedy of one holding an unpaid claim against the estate is to enforce a statutory lien against the property in the hands of heirs, devisees, or legatees who receive estate property." *Id.* In addition, "a mortgagee is permitted to seek foreclosure of a lien against real property when a borrower is in default on its obligations under a security instrument." *See Huston*, 988 F. Supp. 2d at 740. Security instruments include "a deed of trust, mortgage, or other contract lien on an interest in real property." Tex. Prop. Code § 51.0001(6). The term mortgagee includes the "grantee, beneficiary, owner, or holder of a security instrument ... or if the security instrument has been assigned of record, the last person to whom the security interest has been assigned of record." Tex. Prop. Code § 51.0001(4).

PHH presents undisputed summary judgment evidence to satisfy each element of its asserted right to foreclose under a security instrument. First, to prove a debt exists, PHH presents undisputed evidence consisting of: (1) the affidavit of Claribel Lopez, a Contract Management Coordinator for PHH (D.E. 55-1 at 2-7); (2) the Texas Home Equity Note (Fixed Rate-First Lien) signed by borrowers (*Id.* at 8-11); (3) the Texas Home Equity Security Instrument (First Lien) (*Id.* at 13-47); (4) the Corporate Assignment of Deed of Trust, which assigned and transferred MERS's interest in the property to Ocwen (*Id.* at 49-

7

50); and (5) the Certificate of Merger of Ocwen with PHH (*Id.* at 52-65). These instruments satisfy PHH's burden to show a debt exists and it holds the note.

Next, to prove the debt is secured by a lien created under Art. 16 § 50(a)(6) of the Texas Constitution, PHH presents the Security Instrument executed by Borrowers granting MERS, as nominee for First Choice, its successors and assigns, a lien on the Property. (D.E. 55-1 at 13-38). This document specifically states credit was extended for the property pursuant to Art. 16 § 50(a)(6) of the Texas Constitution. (*Id.*). To satisfy the third prong, PHH presents: (1) the affidavit of Claribel Lopez, Contract Management Coordinator of PHH, in which Ms. Lopez attests to Defendants' default (D.E. 55-1, at 2-7); (2) the Notice of Default sent to Borrowers (*Id.* at 56-65); and (3) Payoff Quote correspondence dated February 21, 2025 (*Id.* at 75-82).

With regard to the last prong of PHH's burden of proof, PHH sent the Borrowers a Notice of Default. (*Id.* at 56-65). Further, foreclosure counsel sent the Borrowers a Notice of Acceleration of Loan Maturity to prove its compliance with Chapter 51 of the Texas Property Code. (*Id.* at 68-74).

Defendants present no summary judgement evidence to demonstrate the existence of a genuine dispute of material fact regarding any of the elements of PHH's claim. Defendants present no evidence to prove or support any contention that the Borrowers had a will or that they began probate proceedings.

The Texas Estate Code provides that "[s]ubject to Section 101.051," if a person dies leaving a will, "all of the person's estate that is devised by the will vests immediately in

the devisees" and if a person dies intestate, "the estate of a person ... vests immediately in the person's heirs at law."  Tex. Est. Code § 101.001(a)(1), (b);  *see also Casey v. Kelley*, 185 S.W.2d 492, 493 (Tex. Civ. App.—Fort Worth 1945, writ ref'd).  "[W]hether property passes under a will or by descent and distribution, the title vests immediately upon the death of the owner."  *Casey*, 185 S.W.2d at 493.  Moreover, "[a] decedent's estate vests" in accordance with Sections 101.001(a) or 101.001(b), "subject to the payment of[ ] ... the debts of the decedent, except as exempted by law."  Tex. Est. Code § 101.051.

Thus, PHH's right to foreclose on the Property "is derivative of its alleged right to a probate lien under Texas law."  *Ocwen Loan Servicing LLC v. Lane*, No. A-15-CA-244-SS, 2015 WL 7301182, at *2 (W.D. Tex. Nov. 18, 2015).  "The remedy of one holding an unpaid claim against the estate is to enforce a statutory lien against the property in the hands of heirs, devisees, or legatees who receive estate property."  *Id.*  In addition, "a mortgagee is permitted to seek foreclosure of a lien against real property when a borrower is in default on its obligations under a security instrument."  *See Huston*, 988 F. Supp. 2d at 740.  Security instruments include "a deed of trust, mortgage, or other contract lien on an interest in real property."  Tex. Prop. Code § 51.0001(6).  The term mortgagee includes the "grantee, beneficiary, owner, or holder of a security instrument ... or if the security instrument has been assigned of record, the last person to whom the security interest has been assigned of record."  Tex. Prop. Code § 51.0001(4).

For these reasons and based upon the undisputed pertinent facts, PHH is entitled summary judgement on its request for declaratory relief.

> c.    *Attorney's Fees*

PHH contends it is entitled to attorney's fees under Chapter 37 of the Texas Civil Practice and Remedies Code because it seeks a declaratory judgment to enforce the power of sale in the Security Instrument through foreclosure of the Property, through its suit for breach of contract, and pursuant to the terms of the Note and Security Instrument.  (D.E. 1 at 9; D.E. 55 at 12).

Texas law applies to an award of attorneys' fees in diversity cases such as this one. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).  Under Texas law, attorneys' fees may be recovered pursuant to mortgage contracts.  *See Richardson v. Wells Fargo Bank, Nat. Ass'n*, 740 F.3d 1035, 1040 (5th Cir. 2014); *Santry v. Ocwen Loan Servicing LLC*, No. 3:23-CV-649-K-BN, 2024 WL 4229990, at *9 (N.D. Tex. Sept. 3, 2024).

Here, the Loan Agreement states that, "If the Note Holder has required me to pay immediately in full… the Note Holder will have the right to be paid back by me for all its costs and expenses in enforcing this Note to the extent not prohibited by applicable law, including Section 50(a)(6), Article XVI of the Texas Constitution.  Those expenses include, for example, reasonable attorneys' fees. I understand that these expenses are not contemplated as fees to be incurred in connection with maintaining or servicing this Extension of Credit."  (D.E. 55-1 at 10).

Because it is permitted in the relevant loan documents, and by initiating and prevailing in this action, PHH has met the requirement for recovery of fees and court costs. PHH is entitled to its reasonable attorneys' fees.  *See Santry*, 2024 WL 4229990, at *9.

## III.  RECOMMENDATION

For these reasons, the undersigned recommends that the United States District Judge **GRANT** PHH's Motion for Summary Judgment (D.E. 55) on its request for declaratory relief.  The undersigned further recommends that PHH be **ORDERED** to file a separate application for attorneys' fees, no later than 14 days after entry of a judgment in this case, that establishes the amount of the reasonable and necessary attorneys' fees and costs that it has incurred, with supporting evidence, based on an acceptable method for calculating attorneys' fees under the Loan Agreement at issue in this case.

Respectfully submitted on September 30, 2025.

_____
Julie K. Hampton
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).