Case 2:24-cv-00029   Document 60   Filed on 10/27/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
October 27, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PHH MORTGAGE CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 2:24-CV-00029 |
| | § | |
| MARIA CONCEPCION DYE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Before the Court is Magistrate Judge Julie K. Hampton's Memorandum and Recommendation ("M&R"). (D.E. 56). The M&R recommends that the Court grant Plaintiff's motion for summary judgment. *Id.* at 1. Defendant Dye has filed written objections to the M&R. (D.E. 59).

After review, the Court **OVERRULES** Plaintiff's objections, (D.E. 59), and **ADOPTS in whole** the findings and conclusions of the M&R, (D.E. 56).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). Objections that merely re-urge arguments contained in the original briefing are not proper and will not be considered. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). Moreover, "[f]rivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by*

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1416 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

The Court discerns two legally cognizable objections from Defendant's submission. First, Defendant objects that Plaintiff has not presented evidence "that the Bank that made this loan to [her] late husband . . . [a]pproved and included [her] first and last name in any clause of this debt, as required by law." (D.E. 59, p. 1). The Court understands Defendant to argue that she is not party to the loan which entitles Plaintiff to foreclose on the property at issue. However, as the M&R correctly explains, under the Texas Estates Code §§ 101.001(b) and 101.051(b)(1), Defendant's late husband's estate and its debts immediately pass to his heirs at law. (D.E. 56, p. 7) (quoting *Ocwen Loan Servicing, LLC v. Deane*, No. 4:15-cv-00682-O-BP, 2017 WL 6816499, at *3 (N.D. Tex. Dec. 1, 2017) (Ray, Mag. J.), *adopted*, No. 4:15-cv-00682-O-BP, 2018 WL 309105 (N.D. Tex. Jan. 5, 2018) (O'Connor, J.)). And, as the M&R notes, "[t]he remedy of one holding an unpaid claim against the estate is to enforce a statutory lien against the property in the hands of heirs, devisees, or legatees who receive estate property." *Id.* (citation omitted). In the context of a mortgage, this includes seeking foreclosure. *Id.* (citing Tex. Prop. Code § 51.0001(6)). In other words, Plaintiff may foreclose on Defendant's interest in the property, notwithstanding the fact that her name does not appear on the loan, because she is the heir at law of her late husband's estate. The Court **OVERRULES** Defendant's objection.

Second, Defendant objects that Plaintiff "has not submitted . . . proof of payment of this mortgage made by late husband Leroy Dye, made in process in past years before his death." (D.E.

59, p. 2). The M&R correctly explains that, to foreclose on Defendant's interest in the property, Plaintiff must demonstrate: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16 § 50(a)(6) of the Texas Constitution; (3) the defendants are in default under the note and security instrument; and (4) defendants received notice of default and acceleration. (D.E. 56, p. 6) (citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013) (Miller, J.)). Plaintiff is not required to submit proof of previous payments made on the mortgage because what is at issue here is the failure to make payments on the mortgage (i.e., that Defendants are in *default*). The Court **OVERRULES** Defendant's objection.

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Defendant's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Defendant's objections, (D.E. 59), and **ADOPTS in whole** the findings and conclusions of the M&R, (D.E. 56). The Court **GRANTS** Plaintiff's motion for summary judgment. (D.E. 55). Accordingly, the Court **DECLARES**:

- an event of default has occurred on that certain *Texas Home Equity Note (Fixed Rate-First Lien)* (the "Note") in the original principal amount of $176,250.00 originally payable to First Choice Bank, together with certain *Texas Home Equity Security Instrument (First Lien)* (the "Security Instrument" and together with the Note, "Loan"), executed by Homer Leroy Dye and Penny K. Dye ("Borrowers") and filed for record in the Official Public Records of Nueces County, Texas, on March 14, 2011, as Document No 2011009046;

- the Security Instrument provides Plaintiff, as the mortgagee of the Security Instrument, in the event of a default, with a security interest on that certain real

- property commonly known as 339 Princess Drive, Corpus Christi, Texas 78410 (the "Property"), and currently more particularly described as: LOT SIX-C (6-C), ROLLING ACRES SUBDIVISION, AN ADDITION TO THE CITY OF CORUS CHRISTI, NUECES COUNTY, TEXAS, ACCORDING TO MAP OR PLAT THEREOF RECORDED IN VOLUME 35, PAGE 129, MAP RECORDS OF NUECES COUNTY, TEXAS;

- Plaintiff is the current legal owner and holder of the Note and beneficiary of the Security Instrument; the following are secured by the Security Instrument on the Property: the outstanding balance of the Note, which was at least $208,769.58 as of February 28, 2025, plus all contractual interest, escrow advances, fees, costs and other items in the Note and Security Instrument that are recoverable and have accrued since; that date; prejudgment interest; post-judgment interest; and costs of court;

- the purchaser at the foreclosure sale authorized by this Order will be vested with full ownership in the Property including all interest held by any of the Defendants in this case;

- Plaintiff may further communicate with Defendants and all third parties reasonably necessary to conduct the foreclosure sale;

- due to event of default, Plaintiff, or its successors or assigns, may enforce the Security Instrument against the Property through non-judicial foreclosure of the Property as provided in the Security Instrument and section 51.002 of the Texas Property Code; and

- all foreclosure notices shall be mailed to the subject property at 339 Princess Drive,

Corpus Christi, Texas 78410.

Finally, the Court **ORDERS** Plaintiff to file a separate application for attorney fees no later than 14 days after entry of a judgment in this case. Any application must establish the amount of reasonable and necessary attorney fees and costs incurred, with supporting evidence, based on an acceptable method for calculating attorney fees under the Loan Agreement at issue in this case. The Court will enter final judgment separately.

    SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
      October 27, 2025